UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID CARMINE LETTIERI, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. 24-13063-ADB |
| DEPARTMENT OF JUSTICE, | * | |
| Respondent. | * | |

ORDER

BURROUGHS, D.J.

Pro se petitioner David C. Lettieri, who is confined at FMC Devens, has filed a petition for a writ of habeas corpus concerning a criminal prosecution against him in United States District Court for the Western District of New York, which resulted in his conviction. See United States v. Lettieri, Crim. No. 21-00020 (W.D. N.Y.). Lettieri names the Department of Justice as the respondent. For the reasons stated below, the petition is DENIED.[1]

Lettieri claims that his rights to due process and to a fair trial were violated because the jury was prejudiced, he didn't have access to "the jury list," he didn't know that persons on the jury would be "selected in the District," and he had "no say" in the matter. [ECF No. 1 at 2, 6-7 (cleaned up)]. In his request for relief, he asks for a "copy of the jury list to [be] inspected for a future matter of a habeas corpus." [Id. at 8]. He does not ask to be released.

Lettieri's claim is not properly raised in a habeas petition. "[T]he essence of habeas

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (which is applicable to 28 U.S.C. § 2241 cases pursuant to Rule 1(a)), "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]" See also 28 U.S.C. § 2243 (if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to order the respondent to respond to the petition).

corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 117 (2020) (quoting Preiser v. Rodriguez, 411 U.S. 475, 484(1973)).  Although Lettieri implicitly challenges the validity of his conviction, he does not seek immediate release.  Instead, he asks for a document that he believes will help him challenge his conviction in a separate proceeding.  Because success for Lettieri in this action would "not mean immediate release from confinement or a shorter stay in prison," his claim for relief does not "lie[] at 'the core of habeas relief.'"  Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (quoting Preiser, 411 U.S. at 489).

Further, even if the Court construed Lettieri's petition as a request for release, habeas relief would not be available.  Any collateral attack on Lettieri's conviction or sentence is premature—the direct appeal of the judgment in United States v. Lettieri, Crim. No. 21-00020 (W.D. N.Y.), is pending in the United States Court of Appeals for the Second Circuit.  See id. [ECF No. 209 (notice of appeal filed on June 7, 2024)].  Further, except in rare circumstances not present here, the only vehicle by which a defendant can collaterally challenge a federal conviction or sentence is a motion under 28 U.S.C. § 2255—relief through a habeas petition is not available.  See Jones v. Hendrix, 599 U.S. 465 (2023).

Accordingly, the petition for a writ of habeas corpus is DENIED.  The motion for leave to proceed in forma pauperis shall be terminated as moot.  The Court CERTIFIES that any appeal of this order would not be taken in good faith.  See 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

December 16, 2024    /s/ Allison D. Burroughs
                     ALLISON D. BURROUGHS
                     U.S. DISTRICT JUDGE